See also, 127 Fed.Appx. 373.

**Harjeet SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75462.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 23, 2007.

Hector M. Roman, Jr., Esq., Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security San Francisco, CA, Eric W. Marsteller, U.S. Department of Justice Civil Div./Office of Immigration Lit., M. Jocelyn Wright, U.S. Department of Justice Civil Division, Lindsay L. Chichester, U.S. Dept. of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

394

MEMORANDUM **

Harjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings to reapply for asylum based on changed country conditions and to remand for the purpose of applying for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely because he filed it more than two years after the BIA's March 12, 2003 order, and Singh failed to demonstrate that he qualified for any exception to the ninety-day time limit. *See* 8 C.F.R. § 1003.2(c)(2). Singh did not provide sufficient evidence that conditions in India have changed so that he now has a well-founded fear of future persecution. *See Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004) (stating that the critical question is "whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

